599 So.2d 1090 (1992)
STATE ex rel. Barry EDGE
v.
John P. WHITLEY, Warden of the Louisiana State Penitentiary.
No. 92-KH-0806.
Supreme Court of Louisiana.
June 19, 1992.
Denied.
CALOGERO, C.J., concurs with reasons.
CALOGERO, Chief Justice, concurring in the writ denial.
I concur in the denial of this writ application. Article 926(B)(3) of the Louisiana Code of Criminal Procedure provides that a petition for post-conviction relief must allege "[a] statement of the grounds upon which relief is sought, specifying with reasonable particularity the factual basis for such relief." According to La.C.Cr.P. art. 926(E), the "[i]nexcusable failure of the petitioner to comply with the provisions of this Article may be a basis for dismissal of his application."
I do not agree, however, with the court of appeal's implication that a court is prohibited from granting an extension of time to file a supplement embellishing an original pleading because such a supplement would represent an extension of the prescriptive period. In fact, many district courts throughout the state have been exercising what I believe to be their legitimate discretion in granting extensions in cases identical to this one. State v. Poydras, No. 52685 (La. 15th JDC, Oct. 2, 1991); State v. Smallwood, Nos. 83,312 and 88,321 (La. 10th JDC, Oct. 2, 1991); State v. Williams, No. 41,622 (La. 18th JDC, Oct. 9, 1991); State v. Epps, No. 2807-84 (La. 18th JDC, Oct. 9, 1991); State v. Parker, No. 53,584 (La. 18th JDC, Oct. 13, 1991).
In addition, I do not agree with the court of appeal's reliance on Louisiana Civil Code Article 1153, regarding the interruption of prescriptive periods in civil cases, to bar a criminal pro se post-conviction applicant. Relator contends that he is being unconstitutionally held in prison. That should suffice as an outset pleading for purposes of interrupting prescription.
Should the petitioner hereafter file an articulated post-conviction application which satisfies the requirements of La. C.Cr.P. art. 926 and establishes a basis for relief under La.C.Cr.P. art. 930.3, that will be the proper time to determine if the prescriptive period in La.C.Cr.P. art. 930.8 is constitutional, and if so, whether this applicant is prescriptively barred notwithstanding the denial of this particular application for post-conviction relief.