CALOGERO, C.J.,
concurs in the denial in the following cases:
92-KH-0351, 92-KH-0434, 92-KH-0539, 92-KH-0552, 92-KH-0594, 92-KH-0609, 92-KH-0644, 92-KH-0734, 92-KH-0762, 92-KH-0769, 92-KH-0894, 92-KH-1016, 92-KH-0541, 92-KH-0592, 92-KH-0595, 92-KH-0610, 92-KH-0671, 92-KH-0739, 92-KH-0763, 92-KH-0804, 92-KH-0895, 92-KH-1169, 92-KH-92-KH-92-KH-92-KH-92-KH-92-KH-92-KH-92-KH-92-KH-92-KH-92-KH-0473, 0542, 0593, 0607, 0631, 0728, 0745, 0768, 0848, 0922, 1242, 92-KH-1245, 92-KH-1251, 92-KH-1426, 92-KH-1481, 92-KH-1563, 92-KH-1634, 92-KH-1645, 92-KH-1720, 92-KH-1841, 92-KH-1903, 92-KH-1909, 92-KH-1924, 92-KH-2044, 92-KH-2045, 92-KH-2231, 92-KH-2241, 92-KH-2243, 92-KH-2262, 92-KH-2272, 92-KH-2337.
Louisiana Code of Criminal Procedure art. 926 does not compel a district judge to deny an application for its failure to state any claims of reasonable specificity. I rely on my concurrence in State ex rel. Barry Edge v. Whitley, 599 So.2d 1090 (La.1992).
Furthermore, I concur in the denial of the applications because in my view, the timely filing under La.C.Cr.P. art. 930.8 in the district court will suffice to interrupt any prescriptive or preemptive period that might be asserted in the future.